UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID HOWELL,

Plaintiff,

v.

SMITH et al.,

Defendants.

Case No. 3:17-cv-00705-RCJ-CBC

**ORDER**

This action is a pro se civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On November 26, 2018, this Court issued an order denying Plaintiff's application to proceed in forma pauperis because Plaintiff had "three strikes" under 28 U.S.C. § 1915(g). (ECF No. 12 at 2.) The Court informed Plaintiff that if he did not pay the $350.00 filing fee and the $50 administrative fee in full within twenty-eight days of the date of that order, the Court would dismiss the action without prejudice. (*Id.*) The twenty-eight-day period has now expired, and Plaintiff has not paid the full $350.00 filing fee and the $50 administrative fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);

1

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the full filing and administrative fee within twenty-eight days expressly stated: "IT IS FURTHER ORDERED that Plaintiff shall have twenty-eight (28) days to pay the $350 filing fee and the $50 administrative fee. Failure to comply may result in dismissal without prejudice without further notice." (ECF No. 12 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to pay the full filing and administrative fee within twenty-eight days.

///

///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to pay the $350.00 filing fee and the $50 administrative fee in compliance with this Court's November 26, 2018, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated this 14th day of January, 2019.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE